# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 1, 2024

Lyle W. Cayce
Clerk

—————————

No. 24-40671

—————————

In re Oscar Silva Perez; Natalie Taylor; Justin Doe; Salvador Doe; Cindy Siqueiros Maduena; Jessika Ocampo Hernandez; Ricardo Ocampo Hernandez; Genaro Vicencio Palomino; Foday Turay; Jaxhiel Turay; Carmen Miranda Zayas; Coalition for Humane Immigrant Rights,

*Petitioners*.

———————————————————————

Petition for Writ of Mandamus
to the United States District Court
for the Eastern District of Texas
USDC No. 6:24-CV-306

———————————————————————

## PUBLISHED ORDER

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:

FRAP 46(c) provides that a court of appeals may discipline an attorney who practices before it for failure to comply with any court rule. Under 5th Cir. R. 46.3, attorneys are required to cite in their entry of appearance form "all pending related cases and any cases on the docket of the Supreme Court, or this or any other United States Court of Appeals, which involve a similar issue or issues." In this case, counsel for petitioners failed to list a related appeal, case No. 24-40571, in their Notice of Form for Appearance. The court directed counsel to show cause why the court should not impose

No. 24-40671

disciplinary action for such omission. In response, counsel assert that failure to list the case was an inadvertent oversight and resulted in no prejudice, and that there is a "colorable argument" that they were not required to list the appeal. Counsel ensure that this omission will not be made again.

Counsel are ADMONISHED that such omission violated a rule of this court and falls below the standard expected of counsel appearing before this court. Counsel are WARNED that failure to comply with court rules in the future may result in sanctions and/or referral to the Chief Judge for consideration of disciplinary action.